UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EXAGRID SYSTEMS, INC., ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | NO. 17-10019-TSH |
| v. ) | |
| ) | |
| UNITIV, INC., ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER FOR DEFAULT JUDGMENT
October 27, 2017

## Introduction

Plaintiff ExaGrid Systems Inc. ("ExaGrid") requests a judgment by default be entered against Defendant Unitiv, Inc. ("Unitiv"). ExaGrid seeks a sum certain of $89,513.44 from Unitiv, which includes: $82,443.44 that Unitiv owes ExaGrid pursuant to a Confession of Judgment,[1] $7,070.00 in attorney fees and $400.00 in costs, *i.e.*, the Court's filing fee. In its Complaint, ExaGrid has asserted claims against Unitiv for Breach of Contract (Count I) and Unjust Enrichment (Count II).

This Memorandum and Order For Default Judgment addresses: the Motion for Default Judgment (Docket No. 11), and Plaintiff. ExaGrid Systems, Inc.'s Motion For The Award of

---

[1] *See Pl. ExaGrid Systems, Inc.'s Mot. For The Award of Reasonable Legal Fees and Costs* (Docket No. 12), at *Ex. 1* (the "Confession of Judgment").

Reasonable Legal Fees and Costs (Docket No. 12). For the reasons set forth below, both motions are *granted*.

## Facts

ExaGrid is a Delaware corporation with a principal place of business located in Westborough, Massachusetts. Unitiv is a Georgia corporation with a principal place of business located in Cumming, Georgia. ExaGrid is a company focused on providing data back-up services to information technology professionals. Unitiv is a provider of technology to data centers and a reseller of certain ExaGrid products.

In or about 2016, ExaGrid provided approximately $157,443.44 worth of goods and services to Unitiv for which ExaGrid was not paid. Thereafter, ExaGrid informed Unitiv that it intended to file an action with the Court to collect the money owed to it. In response, Unitiv represented to ExaGrid that it expected to receive income and business financing during the month of September 2016 that would allow it to fully pay the outstanding debt by the end of that month. As a result, to settle the dispute, the parties executed the Confession of Judgment whereby Unitiv promised to pay ExaGrid the sum of $157,443.44 (the "Debt") no later than September 30, 2016. The Confession of Judgment was acknowledge and signed by the President of Unitiv, Frank Kristan, on September 3, 2016.

Thereafter, Unitiv made partial payments on the Debt, but failed to pay the Debt in its entirety by September 30, 2016. The outstanding balance owed to ExaGrid is $82,443.44. Although not required by the Confession of Judgment, on December 9, 2016, ExaGrid provided Unitiv with a Notice of Default in which it explained that it intended to enforce the Confession of Judgment and to seek all related costs and expenses including, but not limited to, all related

legal fees.[2] As of January 5, 2017, Unitiv had failed to pay the balance of the Debt ($82,443.44) owed to ExaGrid.

On January 12, 2017, a Summons and Complaint was served via certified U.S. Mail, upon the Registered Agent for Unitiv, in accordance with Fed. R. Civ. P. 4(e). An Answer to the Complaint or other responsive pleading was to be filed with the Court on or before February 1, 2017. Unitiv has failed to file an Answer or otherwise make an appearance on the record. Default was entered against Unitiv on March 2, 2017. This Court's Standing Order Regarding Motions for Default Judgment was entered that same date. *See* Docket No. 10. On May 25, 2017, ExaGrid requested that entry of judgment by default be entered against Unitiv pursuant to Federal Rule of Civil Procedure 55(b). *See Mot. For Entry of Default Judgment* (Docket No. 11). ExaGrid requests that the Court enter judgment in its favor on Counts I and II of the Complaint and grant the following relief: (1) award damages in an amount to be determined; (2) award ExaGrid its reasonable costs, including attorneys' fees and expenses, incurred in connection with this case; and (3) grant such further relief as the Court considers appropriate.

ExaGrid seeks to enforce a Confession of Judgment due to the failure to pay the full amount of the Debt owed by September 30, 2016. The balance of the Debt owed ExaGrid by Unitiv at this time is a sum certain: $82,443.44. Additionally, pursuant to the Confession of Judgment, Unitiv is liable to ExaGrid for all related costs and expenses including legal fees. As of March 20, 2017, a total amount of legal fees and costs sought in this matter equaled $7,070.00. Included in this total amount: 11.6 hours at the rate of $575.00 per hour, totaling $6,670.00. In addition, Plaintiff ExaGrid has expended $400.00 in costs which represent the Court's filing fee.

---

[2] Defendant agreed to pay Plaintiff's costs and expenses, including attorneys' fees, incurred in enforcing the Confession of Judgment, including costs and expenses incurred obtaining and collecting any judgment entered pursuant to the Confession of Judgment. *See Confession of Judgment*, at p. 2.

Accordingly, ExaGrid requests that the Clerk of Court issue a default judgment in the amount of $89,913.44.

## Discussion

### The Motion for Default Judgment

*Jurisdiction and Venue*

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this action is between citizens of different states and seeks damages in excess of $75,000. Venue is proper in this District pursuant to 28 U.S. C. § 1391(a) in that a substantial part of the acts, conducts and/or omissions at issue occurred in the Commonwealth of Massachusetts. Moreover, in the Confession of Judgment, Unitiv waived its right to assert that it is not subject to the personal jurisdiction of any court in the Commonwealth of Massachusetts.

*Whether ExaGrid is entitled to Judgment on Its Claims*

Count I: Breach of Contract

On or about September 3, 2016, Unitiv executed a Confession of Judgment in favor of ExaGrid in which it fully acknowledged the Debt. The Confession of Judgment expressly provides that Unitiv would fully satisfy the Debt no later than September 30, 2016. Thereafter, Unitiv made only partial payments toward the Debt, but failed to pay the entire Debt by September 30, 2016. The balance of the Debt owed to ExaGrid is $82,443.44. ExaGrid is entitled to judgment on its claim for breach of contract for the amount owed under the Confession of Judgment.

Count II: Unjust Enrichment

By the wrongful acts and conduct described above, Unitiv has been unjustly enriched at the expense and to the detriment of ExaGrid. ExaGrid has suffered damages for which Unitiv is

4

legally responsible. However, I find that ExaGrid has an adequate remedy at law— it's claim for breach of contract, and for that reason, I will not enter judgment in ExaGrid's favor on Count II.

<u>The Motion for Reasonable Legal Fees and Costs</u>

The attorney fees incurred in this matter are fair and reasonable given Alexander Furey, Esq. customary hourly rate, experience, knowledge, recognized competency in the relevant area of law, and time rendered in this action. ExaGrid's motion for attorneys' fees and costs is *granted*. ExaGrid is entitled to its requested attorneys' fees in the amount of $7,070.00 and its costs incurred in the amount of $400.00.

## **Conclusion**

The Motion For Entry of Default Judgment (Docket No. 11) and Plaintiff. ExaGrid Systems, Inc.'s Motion For The Award of Reasonable Legal Fees and Costs (Docket No. 12) are *granted*, as provided in this Order.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Timothy S. Hillman*
　　　　　　　　　　　　　　　　　　　　　　**TIMOTHY S. HILLMAN**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**